**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**OSWALD RUSSELL,**

                              **Plaintiff,**

   **- against -**

**AMERICAN EAGLE AIRLINES, INC.** *et al.***,**

                            **Defendants.**
-------------------------------------------------------------x

**OPINION AND ORDER**

**07 CV 3600 (NG) (RER)**

**GERSHON, United States District Judge:**

On or about April 27, 2007, plaintiff Oswald Russell commenced this suit in New York State Supreme Court, Kings County, to challenge his termination. He named as defendants his former employer American Eagle Airlines, Inc. ("American Eagle"), his former supervisors David Norris and Jose Cabrera, and his union Transport Workers Union of America, AFL-CIO ("TWU"). Plaintiff brought several claims against the defendants, including wrongful termination, race and age discrimination in violation of the New York State Human Rights Law ("NYSHRL"), prima facie tort, defamation, self-publication defamation, intentional infliction of emotional distress ("IIED"), and false imprisonment. Plaintiff also brought a claim against the TWU alleging a breach of its duty of fair representation.

On August 27, 2007, with the other defendants' consent, TWU removed this matter to federal court pursuant to 28 U.S.C. § 1441 on the grounds that any state law claims involving a union's relationship to its represented employees are preempted by federal labor laws. On September 28, 2007, plaintiff and TWU filed a stipulation of discontinuance, dismissing TWU as a defendant with prejudice. On October 7, 2007, before the court endorsed the stipulation of dismissal on October 17, 2007, defendants filed another Notice of Removal with the court,

1

noting that, while plaintiff served a Verified Complaint on defendants on September 8, 2007 and with the state court under the docket number that was removed to this court on September 12, 2007, plaintiff had not filed the complaint in this court. Defendants sought to preserve any argument that they failed to timely remove the complaint improperly filed in the state court and further noted that federal jurisdiction was still appropriate because plaintiff's claims for wrongful termination and prima facie tort, are "inartfully pled challenge[s] to an arbitration award" governed by the Railway Labor Act ("RLA"). By letter dated November 5, 2007, plaintiff withdrew the wrongful termination and prima facie tort claims, noting that these claims are preempted by the RLA, and also withdrew the self-publication defamation claim. On December 4, 2007, plaintiff filed a motion to remand this matter to the New York State Supreme Court, Queens County, pursuant to 28 U.S.C. § 1447(c).

Defendants are correct that, since it has filed an Answer to the Verified Complaint, plaintiff cannot voluntarily withdraw claims without seeking leaving of court. *See* Fed. R. Civ. P. 41. However, defendants fail to identify any ground as to why these claims should not be dismissed as plaintiff requests in his letter dated November 5, 2007. The court therefore orders that the claims for wrongful termination, prima facie tort, and self-publication defamation are hereby dismissed.

The claims that now remain in this action include race and age discrimination in violation of the NYSHRL, defamation, IIED, and false imprisonment. Defendants argue that the defamation and IIED claims are "thinly disguised and inartfully pled, non-justiciable challenges to an arbitration award upholding plaintiff's termination for cause" and therefore are subject to federal judicial review under the RLA. Df.'s Br. at 2. Alternatively, defendants argue that, even

if there are no federal claims remaining, this court should exercise its discretion and retain jurisdiction.

Even assuming that this court could retain jurisdiction on claims that defendants did not rely on as a basis for removing this action, the face of plaintiff's complaint indicates that the remaining claims are state law claims. Despite defendants' characterization of plaintiff's claims as challenges to the arbitration award, the Supreme Court has reaffirmed that the plaintiff is "the master" of the complaint and, as such, he may "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."); *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998) ("[A] plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense."). Unless a plaintiff raises a state law claim that has been completely preempted, it is well-settled that "a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary preemption."[1] *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 273 (2d Cir. 2005). Here, defendants make no claim of complete preemption and, therefore, whether or not defendants have a valid preemption defense or some other defense that warrants dismissal of plaintiff's claims is a matter for the state judge to decide.

---

[1] The doctrine of "ordinary preemption" provides that a defendant cannot be held liable under state law because federal law preempts state law; the doctrine of complete preemption goes further and provides that "certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed for jurisdictional purposes, into federal claims—i.e., completely preempted." *Sullivan*, 424 F.3d at 272. The Supreme Court has found only three statutes that require the court to construe any claims brought under them as being completely preempted and therefore arising under federal law: (1) § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185; (2) § 502(a) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85-86. *See id.*

The parties do not dispute that federal jurisdiction was appropriate when the TWU was a defendant in this case and that, when the basis for federal subject matter jurisdiction falls away, this court has discretion to either remand the remaining claims to state court or to maintain jurisdiction over those claims. *See 805 Third Avenue Co. v. Excel Mktg. Enterprises Corp.*, 1987 WL 12822, at *5 (S.D.N.Y. 1987). Where, as here, "the federal head of jurisdiction has vanished from the case, and 'there has been no substantial commitment of judicial resources'" to the remaining state-law claims, *id.*, remand to the state court is "clearly warranted," *Torres v. CBS News*, 879 F. Supp. 309, 321 (S.D.N.Y. 1995) (internal quotation marks omitted).[2] Plaintiff's motion to remand is therefore granted, and the Clerk of Court is directed to remand the action to New York State Supreme Court, Queens County.

**SO ORDERED.**

_____/s_____
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
July 1, 2008

---

[2] Discovery is not yet completed in this action, which has been consolidated with *Smith v. American Eagle Airlines, Inc.*, No. 07-CV-3988 (E.D.N.Y. filed Sept. 24, 2007) for discovery purposes. That action, also pending before this court, is being dismissed by Opinion and Order of this date for plaintiff's failure to state a claim upon which this court can judicially review the arbitration award.